No. 2--04--0408

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In re
 MARRIAGE OF

DAVID LINDMAN,

Petitioner-Appellant,

and

KAYLA LINDMAN, n/k/a Kayla Laswell,

Respondent-Appellee.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Winnebago County.

No. 96--D--1474

Honorable

Steven L. Nordquist,

Judge, Presiding.

______________________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

In 1998, petitioner, David Lindman, obtained a court order dissolving his marriage to respondent, Kayla Lindman, n/k/a Kayla Laswell.  As part of the dissolution, petitioner was ordered to pay a percentage of his earnings in child support.  At the time, petitioner reported annual earnings of about $80,000.  Petitioner thereafter moved to modify his child support obligation, and, in 2000, that obligation was reduced.  In 2000 and 2001, petitioner reported earnings of well over $100,000.  
Citing this fact, the circuit court reinstated his original support obligation.  Petitioner appeals that decision, arguing that the circuit court erred in including, in its calculation of his net income, money he earned from an individual retirement account (IRA).  We disagree and affirm.

I. BACKGROUND

After nearly 19 years of marriage, petitioner divorced respondent in 1998.  
At the time, their son was 5½ years old.

The marital dissolution order that petitioner obtained incorporated a written agreement between the parties.  The agreement provided for, among other things, child custody, child support, and distribution of the marital assets.  Pursuant to the agreement, respondent took custody of the parties' child.  She also received a few items of marital property, such as a minivan.  For his part, petitioner took the house at 4403 Alpine Oaks Lane in Rockford, in which the parties had lived during their marriage.  Petitioner also received an IRA.  Finally, petitioner agreed to be responsible for maintenance of the Alpine Oaks home, and he also agreed to pay child support.

Around this time, that is the late 1990s, petitioner was reporting annual earnings of about $80,000.  In 2000, in addition to his regular employment wages, petitioner received about $75,000 in IRA disbursements.  That year, he reported earnings of over $160,000.  
Nevertheless, he obtained a court order reducing his child support obligation.  In 2001, petitioner received about $80,000 in IRA disbursements.  That year, despite losing his job because of his alcohol abuse, he reported earnings of over $120,000.

In 2002, 
the circuit court vacated the temporary order of 2000 and reinstated petitioner's original child support obligation.
(footnote: 1)  
As a preliminary matter, the circuit court found that petitioner's IRA disbursements were "income" for the purposes of determining the proper amount of his child support obligation.  Then, noting that petitioner was reporting higher earnings than he had reported when the initial support order was entered, the circuit court reinstated the original support obligation.  That is, it ordered him to pay the same amount of child support he had been required to pay in 1998, when he reported much lower earnings.  Apparently unsatisfied with that result, petitioner filed this timely appeal.

II.  ANALYSIS

A.  The IRA Disbursements are Income

1.  Standard of Review

At the outset, we note that there is some confusion regarding the proper standard of review here.  Petitioner argues that the standard of review is abuse of discretion.  That is, petitioner argues that we should consider whether the circuit court abused its discretion in 
reinstating his original
 
child support obligation.  Petitioner misunderstands his own case.  Although the ultimate inquiry here may be whether the circuit court's 
decision amounted to an abuse of discretion, the more pressing issue, as we see it, is whether the circuit court correctly concluded that disbursements from petitioner's IRA are "income" for the purposes of calculating net income under section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 2002)), upon which a child support calculation must be based.  The proper construction of section 505 is a question of law.  
In re Marriage of Rogers
, No. 97833, slip op. at 5 (November 18, 2004).  Thus, our review is 
de novo
.  
Lee v. John Deere Insurance Co.
, 208 Ill. 2d 38, 43 (2003).  
As the supreme court recently put it:

"Generally speaking, the modification of child support payments lies within the sound discretion of the trial court, and a trial court's order will not be disturbed on appeal absent an abuse of discretion.  [Citation.]  In this case, however, the only aspect of the circuit court's decision challenged by the father is its interpretation of 'net income' under section 505 of the Act ***.  How a statute is interpreted is not a matter left to the trial court's discretion.  It presents a question of law, which we review 
de novo
."  
Rogers
, slip op. at 4-5.

This case is similar to 
Rogers
.  However, we must note one difference.  The petitioner in 
Rogers
 apparently 
clearly
 challenged the circuit court's reading of the Act.  
Rogers
, slip op. at 4.  Conversely, in the present case, petitioner does not clearly address the circuit court's interpretation of the Act.  Instead, as noted above, he claims that the circuit court abused its discretion in including his IRA disbursements in the calculation of his net income.  But on the very same page of his brief, he also stresses that the statute makes no mention of such "income."  In other words, to the extent petitioner is trying to attack the circuit court's interpretation of the Act, he lumps that argument with his assertion that the circuit court's ultimate calculation of the amount of child support was an abuse of discretion.  Nevertheless, we believe that petitioner's first argument is that "income," as used in the Act, does not include his IRA disbursements.  After all, "the first step in calculating a parent's 'net income' is ascertaining 'the total of all income from all sources' received by that parent.  That determination, in turn, depends on what items may properly be considered 'income.' "  
Rogers
, slip op. at 5.  This being so, in this case, as in 
Rogers
, we must consider whether the items at issue (here, IRA disbursements) are "income" within the meaning of the Act.
(footnote: 2)  Thus, our review of petitioner's first argument is 
de novo
.  
Lee
, 208 Ill. 2d at 43
.

2.  Statutory Construction

In reviewing the circuit court's interpretation of the Act, we adhere to well-settled principles of statutory construction.  Our primary objective is to determine and give effect to the intent of the legislature.  
Harrisonville Telephone Co. v. Illinois Commerce Comm'n
, 212 Ill. 2d 237, 251 (2004).  
The best indicator of legislative intent is the language of the statute, and we must give that language its plain and ordinary meaning.  
Caveney v. Bower
, 207 Ill. 2d 82, 88 (2003).  
We may not read into the clear language of the statute exceptions that the legislature did not express.  
In re D.L.
, 191 Ill. 2d 1, 9 (2000), quoting 
Garza v. Navistar International Transportation Corp.
, 172 Ill. 2d 373, 378 (1996).

The language of section 505 is expansive.  
Rogers
, slip op. at 5.  For purposes of determining the proper amount of child support, section 505 states that "net income" is "the total of 
all income from all sources," minus certain specified deductions (more on these in part "B" below).  750 ILCS 5/505(a)(3) (West 2002).  The Act does not define "income."  "In the absence of a statutory definition[,] *** an undefined word must be given its ordinary and popularly understood meaning."  
In re Ryan B.
, 212 Ill. 2d 226, 232 (2004).  The supreme court has counseled that, consistent with its ordinary meaning, "income" is " 'something that comes in as an increment or addition ***: a gain *** that is usu[ally] measured in money.' "  
Rogers
, slip op. at 5, quoting 
Webster's Third New International Dictionary 1143 (1986).  Additionally, "income" may be defined as the money or payment received from a variety of sources, including investments.  
Rogers
, slip op. at 5, quoting Black's Law Dictionary 778 (8th ed. 2004).

Consistent with the above understanding, Illinois courts have concluded that, for purposes of calculating child support, net income includes such items as a lump-sum worker's compensation award (
In re Marriage of Dodds
, 222 Ill. App. 3d 99 (1991)
), a military allowance (
In re Marriage of McGowan
, 265 Ill. App. 3d 976 (1994)), an employee's deferred compensation (
Posey v. Tate
, 275 Ill. App. 3d 822 (1995)), and even the proceeds from a firefighter's pension (
People ex rel. Myers v. Kidd
, 308 Ill. App. 3d 593 (1999)).

We see no reason to distinguish IRA disbursements from these items.  Like all of these items, IRA disbursements are a gain that may be measured in monetary form.  
Rogers
, slip op. at 5. Moreover, IRA disbursements are monies received from an investment, that is, an investment in an IRA.
  See Black's Law Dictionary 789 (8th ed. 2004); see also  
http://www.investorwords.com /2641/IRA.html
 (last visited December 22, 2004) (defining an "IRA" as "[a] tax-deferred retirement account for an individual *** with earnings tax-deferred until withdrawals begin").  
Thus, given its plain and ordinary meaning, "income" includes IRA disbursements.

In conclusion, we hold that IRA disbursements are "income" for purposes of calculating "net income" under section 505 of the Act (750 ILCS 5/505 (West 2002)).

B.  The IRA Income was Properly Included

Petitioner offers three arguments in support of his contention that it was improper for the circuit court to include his IRA disbursements in the calculation of his net income.  First, petitioner argues that it is unfair to include the IRA disbursements because they are nonrecurring.  Second, petitioner argues that the circuit court should not have included the IRA disbursements because the IRA from which they came was awarded to him as part of the parties' property settlement at the time of divorce.  Third, petitioner argues that the IRA disbursements should have been deducted from his net income pursuant to an exemption in the Act.  Before addressing these arguments, we note that they presume that the IRA disbursements are income.  Thus, consideration of these arguments requires us to determine only whether the circuit court's net income calculations and its 
reinstatement of petitioner's original child support obligation amounted to an abuse of discretion.  
In re Marriage of Schacht
, 343 Ill. App. 3d 348, 352 (2003).  
"A trial court 
abuses
 its 
discretion
 only when its ruling is ' " '
arbitrary, fanciful or unreasonable' " or " 'where 
no reasonable
 man would take the view adopted by the trial court.' " ' [Citations.]"  
People v. Santos
, 211 Ill. 2d 395, 401 (2004).  With that in mind, we take petitioner's arguments in turn.

First, petitioner argues that it is unfair to include his IRA disbursements because they are nonrecurring.  In other words, petitioner may not receive these disbursements with the same regularity as he would a paycheck.  This being so, petitioner concludes, these disbursements should not be included as net income.

This argument is unpersuasive.  To begin with, "the Act does not provide for a deduction of nonrecurring income in calculating net income for purposes of child support."  
In re Marriage of Hart
, 194 Ill. App. 3d 839, 850 (1990).  Thus, if we were to conclude that such income is, by virtue of its lack of regularity, excluded from the net income calculation, we would read into the plain language of the statute limitations and conditions not expressed by the legislature.  As noted, our doing so would violate well-settled principles of statutory construction.  
People v. Glisson
, 202 Ill. 2d 499, 505 (2002).  And there is a further problem with petitioner's theory.  It presumes that the net income inquiry is concerned with what a parent's income will be at some time after the child support determination is made.  It is not.  Rather, the net income inquiry focuses on a parent's income at the time the determination is made.  Should that income later change, the Act allows a parent to petition for modification of the support order.  750 ILCS 5/510 (West 2002).  Indeed, 
petitioner did so in this case.  But what the Act does not do is allow the possibility of more or less income in the future to determine whether the parent will pay more or less child support today.  As the supreme court has said:

"Few, if any, sources of income are certain to continue unchanged year in and year out.   People can lose their jobs, interest rates can fall, business conditions can wipe out profits and dividends.  Accordingly, the relevant focus under section 505 is the parent's economic situation at the time the child support calculations are made by the court.  If a parent has received payments that would otherwise qualify as 'income' under the statute, nothing in the law permits those payments to be excluded from consideration merely because like payments might not be forthcoming in the future."  
Rogers
, slip op. at 7.

Here, as discussed above, the disbursements from petitioner's IRA are "income" within the meaning of the Act.  Because they are, "nothing in the law permits those payments to be excluded from consideration merely because like payments might not be forthcoming in the future."  
Rogers
, slip op. at 7.  Thus, we reject petitioner's argument that, because the IRA disbursements are nonrecurring, it was improper to include them in his net income.
 

Second, petitioner argues that it was improper to include the IRA disbursements in his net income because the IRA they came from was awarded to petitioner as part of the parties' property settlement.  In support of this argument, petitioner assures us that "[t]he parties did not contemplate that part of [petitioner's] one-half of the marital assets would later be taken as child support."  Thus, petitioner concludes, the circuit court erred in including the IRA disbursements in the net income calculation.

Petitioner's assurances as to his ex-wife's state of mind aside, this argument is unpersuasive.  Indeed, this very argument was rejected by the court in 
In re Marriage of Klomps
, 286 Ill. App. 3d 710 (1997).  There, the ex-husband was awarded a percentage of his military pension as part of the property settlement incident to divorce.  When he started receiving disbursements from that pension, the circuit court treated them as net income for the purposes of calculating child support.  The ex-husband argued that the circuit court erred because he was previously awarded a percentage of that pension as part of the property settlement.  The appellate court rejected that argument.  It stated that, regardless of the property settlement, "[c]leary, military pensions, 
at the time that they are paid
 to the non-custodial parent, are income for child support purposes."  (Emphasis added.)  
Klomps
, 286 Ill. App. 3d at 715.  Likewise, in the present case, regardless of the property settlement, the disbursements petitioner receives from his retirement account are income at the time they are paid.  Petitioner attempts to distinguish 
Klomps
 by pointing out that that case, unlike the present one, involved recurring income.  As discussed above, that argument is without merit.  Thus, the circuit court did not err in including those disbursements in its calculation. 

Third, petitioner argues that the IRA disbursements should be deducted from the calculation of his net income pursuant to section 505(a)(3)(h) of the Act (750 ILCS 5/505(a)(3)(h) (West 2002)).  That section allows a deduction from "net income" for "
reasonable expenditures for the benefit of the child and the other parent
."  750 ILCS 5/505(a)(3)(h) (West 2002).  Petitioner argues that the IRA disbursements are deductible based on any one of three theories.  Petitioner's first theory is that the IRA disbursements are deductible because he needed them to pay his child support obligation.  In other words, petitioner argues that, because he needed the income from the IRA to meet his child support obligation, that income should not be considered net income for the purposes of calculating his child support obligation.  By logical implication, in calculating child support under this theory, a court could not consider employment wages as net income if the payor spouse needed those wages to meet his child support obligation.  Put simply, that is absurd.  Thus, we reject petitioner's first theory.
(footnote: 3)  Petitioner's second theory is that the IRA income is deductible as a reasonable expense for the benefit of his child and ex-wife because he needed that income to pay his share of the marital debt, which he was assigned when he obtained a court order dissolving his marriage.  Petitioner would have us deduct from the net income calculation payments he was required to make by the very decree of divorce that he himself sought and obtained.  This we will not do.  See 
In re Marriage of Benish
, 273 Ill. App. 3d 955, 958-59 (1995) ("[S]ubsection (h) has been held to apply where a noncustodial parent 
voluntarily
 contributes to necessary expenses for which 
he or she is not already obligated to contribute or pay
" (emphasis added)).  Thus, we reject petitioner's second theory.  Petitioner's third and final theory is that the IRA income should be deducted as an expenditure for the benefit of his ex-wife and their child because he used the money to maintain the "marital home."  Petitioner explains
:

"[T]he income from these distributions was also used to pay for the marital home and expenses that were incurred in maintaining the same.  The [petitioner] testified that this was necessary because the minor child expressed a great desire to remain in his childhood home.  The minor child's mental health in this case would be a great benefit to the child and to both parties.  The [IRA] distributions amounted to expenditures for the benefit of the minor child and the parties.  Therefore, any [IRA] distributions the [petitioner] took should also be deducted from his net income."

Although the record does not specifically refer to it as such, it appears the "marital home" is the house located at 4403 Alpine Oaks Lane in Rockford.  That is the house petitioner now lives in.  And since petitioner is the noncustodial parent, it is not the house the parties' child lives in.  So petitioner is basically arguing that his IRA income is deductible as a reasonable expense for the benefit of the parties' child and ex-wife because (1) petitioner uses that money to maintain his home; and (2) his child, who does not live in that home, has expressed a desire to remain in that home, and therefore the maintenance of the home benefits that child's mental health.  This argument is totally lacking in merit.  Thus, we reject petitioner's third theory.

In passing, we note a potential "double counting" issue that petitioner does not raise.  See 
In re Marriage of Zells
, 143 Ill. 2d 251, 256 (1991); see also 
In re Marriage of Schneider
, 343 Ill. App. 3d 628, 639 (2003) (Bowman, J., dissenting in part).  Consider, for example, the following situation.  In year one, a court sets a parent's child support obligation at X.  This amount is based on a calculation of the parent's year one net income, which includes money the parent puts into an IRA.  In year five, the parent begins receiving disbursements from the IRA, and, that same year, the parent asks the court to modify his or her child support obligation.  To determine whether modification is proper, the court looks to see whether there has been a change in the parent's net income.  See 750 ILCS 5/510 (West 2002).  In making that determination, the court considers as part of the parent's year five net income the amount of the disbursements from the IRA.  It may be argued that the court is double counting this money, that is, it is counting the money on its way into and its way out of the IRA.  In other words, the money placed into the IRA from year one to year five is being counted twice.  To avoid double counting in this situation, the court may have to determine what percentage of the IRA money was considered in the year one net income calculation and discount the year five net income calculation accordingly.  As noted, this issue is not before us today.  Here, petitioner does not argue that the IRA money has been double counted.  Moreover, the record does not reveal whether the IRA includes money that was considered in the original (year one) determination of petitioner's net income, so any evaluation of this argument on petitioner's behalf would be mere speculation.  Thus, for present purposes, it is sufficient to note that this potential issue could arise in future cases.

To sum up.  Petitioner's IRA disbursements were properly included in his net income despite the fact that they are nonrecurring.  Additionally, the income was properly included notwithstanding the fact that the IRA was part of the parties' property settlement.  Finally, petitioner's IRA income is not deductible under section 505(a)(3)(h) of the Act (750 ILCS 5/505(a)(3)(h) (West 2002)).  Thus, the circuit court did not err in including this income in its calculation of net income for the purposes of calculating child support.  Accordingly, the circuit court did not err in
 reinstating petitioner's original child support obligation.

III.  CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

McLAREN and CALLUM, JJ., concur.

FOOTNOTES
1:
1
 By this time, petitioner 
had managed to find other employment.

2:
2
 This approach appears consistent with the circuit court's understanding of the case.  In
 
its order reinstating petitioner's original support obligation, the circuit court stated, "these [IRA] disbursements will be included as 'gross [
sic
] income from all sources' as set forth in the statute."

3:
3
 As noted above, at the same time petitioner was taking these IRA disbursements, he was also 
paying a reduced amount of child support.  Thus, in addition to being meritless, petitioner's argument is
 somewhat disingenuous.