# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Marriage of McGrath*, 2011 IL App (1st) 102119

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF MARY ELLEN McGRATH, Petitioner-Appellee, and MARTIN GIBBONS McGRATH, Respondent-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1–10–2119 |
| Filed | June 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In determining respondent's child support obligation, the trial court properly found that respondent's withdrawals from his savings accounts constituted income, since the Illinois Marriage and Dissolution of Marriage Act defines "net income" as "the total of all income from all sources," and based on withdrawals of approximately $8,500 per month for his personal expenses, the trial court did not err in deviating downward from the statutory guideline of 28% for two children and ordering respondent to pay $2,000 per month. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06–D–8453; the Hon. Kathleen G. Kennedy, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Paul L. Feinstein, Ltd., of Chicago, for appellant.

Pasulka & Associates, P.C., of Chicago (Mitchell B. Gordon, David P. Pasulka, and Molly E. Caesar, of counsel), for appellee.

Panel

JUSTICE KARNEZIS delivered the judgment of the court, with opinion.

Presiding Justice Cunningham and Justice Harris concurred in the judgment and opinion

## OPINION

¶ 1     Respondent Martin Gibbons McGrath appeals from an order of the circuit court in favor of petitioner Mary Ellen McGrath, in which Martin was ordered to pay $2,000 a month in child support for the parties' two children. On appeal, Martin contends: (1) the circuit court erred in ruling that money withdrawn from Martin's savings accounts constituted "net income" for purposes of determining child support; (2) the circuit court erred in determining Martin's child support obligation should be $2,000 a month; and (3) the circuit court erred in denying Martin's motion to reconsider. For the following reasons, we affirm the judgment of the circuit court.

¶ 2                                    Background

¶ 3     We set forth briefly only those facts relevant to the issues presented on appeal. On September 14, 2007, the court entered the judgment for dissolution of marriage incorporating the parties' marital settlement and joint parenting agreements. The agreements provided that the parties' twin children, born on August 9, 2001, would reside with Mary Ellen, and the parties agreed to contribute to the children's various expenses. At the time of the judgment, Martin was unemployed so the issue of child support was reserved. The agreements additionally provided that the "issue of additional contribution by Martin to the support of the parties' children may be addressed by either party pursuant to agreement or petition to the court."

¶ 4     Subsequently, on July 9, 2008, Mary Ellen petitioned the court to determine child support and other relief. After the parties completed discovery, a hearing was held. Martin testified at the hearing that he was currently unemployed and lives off the assets that were awarded to him as his part of the marital estate. Each month he withdraws about $8,500 a month from his savings accounts to meet his expenses. Based on Martin's testimony and the evidence presented at the hearing, the court ordered Martin to pay $2,000 a month in child support. Martin appeals from the court's order.

¶ 5                                                    Analysis

¶ 6         The guidelines in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 2010)) provide that a parent with two children should pay 28% of his or her "net income" for child support. The Act allows the court to deviate from the guidelines depending upon several factors, including the financial resources and needs of the child, the financial resources and needs of the custodial parent, and the financial resources and needs of the noncustodial parent. 750 ILCS 5/505(a)(2) (West 2010). The Act defines "net income" as "the total of all income from all sources," minus various deductions not relevant here. 750 ILCS 5/505 (West 2010). We review the circuit court's determination of what constitutes "net income" under the Act *de novo*. *In re Marriage of Rogers*, 213 Ill. 2d 129, 136 (2004).

¶ 7         Martin first contends on appeal that the money he withdraws every month from his savings accounts for his monthly living expenses should not be considered income. He argues that the money is not income because he is merely spending money he already has and is not earning or receiving any type of monetary gain.

¶ 8         Martin relies on *In re Marriage of O'Daniel*, 382 Ill. App. 3d 845 (2008), for support. In *O'Daniel*, the Fourth District of this court held that money withdrawn from an individual retirement account (IRA) did not constitute income under the Act because the money in the account was self-funded and was basically no different than a savings account. *O'Daniel*, 382 Ill. App. 3d at 850. Martin argues that we should follow *O'Daniel* and also find that money withdrawn from his savings accounts does not constitute income under the Act.

¶ 9         Martin also acknowledges, however, that there is a Second District case and a First District case that held to the contrary. Prior to *O'Daniel*, the Second District held in *In re Marriage of Lindman*, 356 Ill. App. 3d 462, 468 (2005), that IRA withdrawals are income pursuant to the Act. After *O'Daniel* was decided, the First District also held in *In re Marriage of Eberhardt*, 387 Ill. App. 3d 226, 232 (2008), that IRA withdrawals are income pursuant to the Act. Martin argues we should follow the holding in *O'Daniel* rather than *Lindman* and *Eberhardt*, despite *Eberhardt* being decided by the First District of this court.

¶ 10        We understand Martin's comparison between his savings accounts and an IRA and his reliance on *O'Daniel*. However, the issue presented in this case does not require us to follow or deviate from the holdings in *O'Daniel* or *Lindman* and *Eberhardt*. Here, we need only determine whether the money Martin withdraws from his savings accounts constitutes "net income" under the Act. We answer this question by looking at the Act.

¶ 11        As noted above, "net income" is defined as "the total of all income from all sources." 750 ILCS 5/505(a)(3) (West 2010). An unemployed parent who lives off regularly liquidated assets is not absolved of his child support obligation. The legislature has adopted an expansive definition of what constitutes "net income." There are no provisions in the Act excluding Martin's monthly withdrawals from the definition of "net income." The circuit court has discretion in the appropriate case to order child support based on regularly liquidated assets used to fund expenses. Absent an abuse of discretion, we will not disturb the circuit court's finding that money from such assets constitutes income for child support

orders. We conclude that the circuit court was correct to include as part of Martin's income the money he withdraws from his savings accounts.

¶ 12    Martin next contends on appeal that the circuit court erred in ordering him to pay $2,000 a month in child support. Martin argues that his only income is the interest he receives from his savings accounts, which amounts to $171.69 a month. He maintains that he should only have to pay 28% percent of $171.69 for child support, which amounts to $48.07 a month.

¶ 13    Here, however, we determined above, as did the circuit court, that Martin's withdrawals from his savings accounts constituted income. According to Martin, he withdraws about $8,500 per month for his personal expenses. Based on this amount, the circuit court determined that the statutory guideline of 28% amounted to $2,380 a month. The court then deviated downward from the guidelines, ordering Martin to pay only $2,000 a month.[1] We find no error in the court's order.

¶ 14    Lastly, Martin contends that the circuit court erred in denying his motion to reconsider. However, as stated above, we find that the circuit court's order was proper. Therefore, the circuit court's denial of Martin's motion to reconsider was proper.

¶ 15    Accordingly, we affirm the judgment of the circuit court.

¶ 16    Affirmed.

---

[1]The court subsequently clarified its order to include the $171.69 Martin receives in monthly interest in his income, and subtracted the $498 he pays monthly for health insurance. Nevertheless, the court still concluded that Martin should pay $2,000 a month in child support, which is less than the statutory 28% guideline.