**2021 IL 126802**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126802)

*In re* MARRIAGE OF SANDRA D. DAHM-SCHELL, Appellee,
and MARK R. SCHELL, Appellant.

*Opinion filed November 18, 2021.*

JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Theis, Michael J. Burke, and Carter concurred in the judgment and opinion.

Justice Overstreet took no part in the decision.

## OPINION

¶ 1      In entry of a judgment for a divorce, the circuit court of St. Clair County excluded an inheritance respondent Mark Schell received in calculating his child support and maintenance obligations under sections 504 and 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/504, 505 (West

2018)). Petitioner Sandra Dahm-Schell filed a motion for reconsideration. After denying the motion, the circuit court certified the following question for interlocutory review pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019): "Whether inherited mandatory retirement distributions are income for purposes of child support and maintenance calculations."

¶ 2        The appellate court determined that the certified question, as written, would not materially advance the ultimate termination of the litigation. 2020 IL App (5th) 200099, ¶ 1. The court reframed and answered the following question: " 'Whether mandatory distributions or withdrawals taken from an inherited individual retirement account (IRA) containing money that has never been imputed against the recipient for the purposes of maintenance and child support calculations constitute "income" under 750 ILCS 5/504(b-3) (West 2018) and 750 ILCS 5/505(a)(3) (West 2018).' " *Id.*

¶ 3        The appellate court answered the question in the affirmative and remanded to the circuit court for further proceedings. *Id.* ¶ 27. We allowed respondent's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2019). For the following reasons we affirm the judgment of the appellate court.

¶ 4                                    I. BACKGROUND

¶ 5        Sandra Dahm-Schell and Mark Schell were married on November 7, 1992. In August 2014, Sandra filed for divorce, and while the divorce action was pending, Mark's mother died, and he inherited approximately $615,000. The inheritance included checking accounts and investment accounts, the majority being held in two individual retirement accounts (IRAs).

¶ 6        On October 11, 2016, the circuit court entered a judgment of dissolution of marriage, and at that time the parties had five children, three of whom were minors. In the dissolution judgment, the circuit court determined that, based upon the 2015 financial statements provided by Mark, he had earned income of $8301.83 at his job and $462.33 per month in dividends from the inherited IRAs. His total monthly gross income was $8764.16. The parties stipulated that the inheritance was Mark's nonmarital property, and Mark was subsequently awarded all of the inheritance.

When calculating child support and maintenance obligations, the circuit court did not include Mark's inheritance as part of his income.

¶ 7    In November 2016, the parties filed motions for the circuit court to reconsider its dissolution judgment. Sandra argued in her motion to reconsider that Mark's income should include his inheritance and should have been considered by the circuit court in calculating the proper amount of child support and maintenance required to be paid by Mark.

¶ 8    While the motions for reconsideration were pending, Mark petitioned the circuit court to reduce the amount of child support and maintenance he was obligated to pay Sandra. He contended that a reduction was necessary since his employer reduced his pay by 20% and that one child had graduated high school and became emancipated.

¶ 9    In response to the parties' motions to reconsider, the circuit court entered amended judgments on December 18, 2017, and December 28, 2017, respectively. These judgments reaffirmed the court's prior determination that only "the dividends from [Mark's] inheritance shall be considered and added to his monthly income for maintenance and child support purposes."

¶ 10    Pursuant to the Internal Revenue Code (Code), Mark is required to take distributions from the inherited IRAs in the sum of approximately $894.25 per month. At the time of his March 2018, financial statement, in support of his petition to modify child support and maintenance, Mark had a gross income of $9439.84 per month if the mandatory distributions were included, or $8545.59 per month if the distributions were not included.

¶ 11                              A. Circuit Court Decision

¶ 12    On May 3, 2018, the circuit court held a hearing on Mark's motion to reduce child support and maintenance. Mark testified that he received $10,731 per year in mandatory IRA distributions from the inherited accounts. He stated the funds were the "mandatory required minimum distribution" under the Code. He further stated that, upon receiving the distributions, he immediately transferred the money into another nonmarital retirement account held in his name. Mark indicated that these

funds should not be considered income for the purpose of calculating support. Mark also testified that the inheritance was nonmarital property. However, Mark conceded that the dividends received from the inherited IRAs should be considered income.

¶ 13　　On September 5, 2018, the circuit court entered an order declining to include Mark's "inherited mandatory retirement income when calculating maintenance and child support." Sandra filed a motion to reconsider, arguing that the court erred when it failed to include Mark's inheritance in his support obligations in its initial and amended supplemental judgments. The court denied the motion in January 2019. Sandra attempted to appeal the September 5, 2018, order, but the appeal was dismissed for lack of jurisdiction because it was not a final and appealable order.

¶ 14　　On February 18, 2020, Sandra moved to certify the issue of whether mandatory IRA distributions constituted income as a question for interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). Noting no objections by either party, the circuit court granted the motion and certified the following question: "Whether inherited mandatory retirement distributions are income for purposes of child support and maintenance calculations."

¶ 15　　　　　　　　　　　　B. Appellate Court Decision

¶ 16　　The appellate court subsequently granted Sandra's petition for leave to appeal and on November 30, 2020, answered a related but slightly different Rule 308 question to materially advance the ultimate termination of the litigation. 2020 IL App (5th) 200099, ¶ 1. The appellate court reframed and answered the following question in the affirmative: " 'Whether mandatory distributions or withdrawals taken from an inherited individual retirement account (IRA) containing money that has never been imputed against the recipient for the purposes of maintenance and child support calculations constitute "income" under 750 ILCS 5/504(b-3) (West 2018) and 750 ILCS 5/505(a)(3) (West 2018).' " *Id.*

¶ 17　　In reaching this conclusion, the appellate court observed that the term "gross income" has the same meaning in regard to both child support payments and maintenance payments, " 'except maintenance payments in the pending proceedings shall not be included.' " *Id.* ¶ 13 (quoting 750 ILCS 5/504(b-3), (b-

- 4 -

3.5) (West 2018)). In addition, the appellate court noted that the term "gross income" is defined in the Act as " 'all income from all sources.' " *Id.* (quoting 750 ILCS 5/505(a)(3)(A) (West 2018)). The court recognized that the definition lists numerous specific benefits or payments that are exempted from being counted as income, none of which were applicable here. *Id.*

¶ 18    The appellate court pointed out that this court, in *In re Marriage of Mayfield*, 2013 IL 114655, ¶ 16, has held that income includes gains and benefits that enhance a noncustodial parent's wealth and facilitate that parent's ability to support a child or children. 2020 IL App (5th) 200099, ¶ 13.

¶ 19    The appellate court then addressed this court's holding in *In re Marriage of McGrath*, 2012 IL 112792, explaining that at issue was whether money that an unemployed parent regularly withdrew from his savings account must be included in the calculation of income when setting child support under section 505 of the Act. 2020 IL App (5th) 200099, ¶ 14; see 750 ILCS 5/505 (West 2018).

¶ 20    The appellate court recognized that, in *McGrath*, this court stated that:

" 'The money in the account already belongs to the account's owner, and simply withdrawing it does not represent a gain or benefit to the owner. The money is not coming in as an increment or addition, and the account owner is not "receiving" the money because it already belongs to him.' " 2020 IL App (5th) 200099, ¶ 14 (quoting *McGrath*, 2012 IL 112792, ¶ 14).

¶ 21    The appellate court reasoned that in *McGrath*, because that money had already been considered income at some time prior to the withdrawal, the money withdrawn could not now also constitute income; thus, what has been referred to as " 'double counting' " was avoided. *Id.* ¶ 18. The court explained that double counting entails improperly counting the money both as income first when it is earned or initially received and then again when it is withdrawn. *Id.* ¶ 22.

¶ 22    The appellate court determined that the proper mechanism for establishing that an IRA distribution or withdrawal is "income" for the purposes of child support and maintenance is to first ascertain the source of the money at issue and whether that money has been previously imputed against the individual receiving the distribution or withdrawal so as to avoid double counting. *Id.*

¶ 23    The appellate court found that the statutory definition of income within the Act is broad enough that it includes an individual's inheritance when calculating child support and maintenance obligations. *Id.* ¶ 24; see 750 ILCS 5/504(b-3), 505(a)(3) (West 2018). The appellate court observed that there is no evidence in the record that the circuit court had ever factored the $615,000 inheritance into any child support or maintenance calculations. The appellate court answered the certified question in the affirmative and held that the distributions that Mark is receiving from the inherited IRAs must be included as income in the calculations for determining child support and maintenance. 2020 IL App (5th) 200099, ¶ 25. The court stated that, since the money had never been imputed to Mark as income, there was no issue of double counting. *Id.*

¶ 24    The appellate court vacated the circuit court's September 5, 2018, order and remanded the proceedings to the circuit court with directions to recalculate the child support and maintenance amounts in accordance with its opinion. *Id.* ¶ 27.

¶ 25    This court allowed appellant's petition for leave to appeal.


¶ 26                                    II. ANALYSIS

¶ 27    Before this court, Mark challenges the appellate court's holding that his mandatory distributions and withdrawals from his inherited IRAs must be included as income in determining his support obligations. Mark contends that, because the October 11, 2016, dissolution judgment became final and was not appealed, the inheritance belonged solely to him. According to Mark, because the funds already belonged to him, the mandatory distributions and withdrawals did not represent a gain or benefit that increased his wealth. Mark also contends that the inheritance is like a self-funded savings account and the withdrawals should not be considered income. Mark maintains that the statutory definition of income does not include his nonmarital inheritance that he reinvests into his own retirement account. Finally, Mark maintains that the mandatory distributions and withdrawals are not income but rather assets to be considered in determining whether a deviation from the statutory guidelines is appropriate.

¶ 28    In response, Sandra argues that the appellate court's judgment should be affirmed because Mark's inheritance fits within the broad definition of income

within the Act. Sandra asserts that she has consistently argued against the decision by the circuit court to not include the inheritance in the initial calculations of child support and maintenance. Sandra contends that, because the inherited IRAs were not imputed by the circuit court when received by Mark, the distributions and withdrawals are income and should now be included in the calculations when determining Mark's child support and maintenance obligations. Lastly, Sandra posits that the classification as nonmarital in the dissolution judgment did not create an exclusive category that precluded the funds from being included in Mark's statutory income.

¶ 29                                A. Certified Question

¶ 30      The issue presented comes to this court by way of certified question pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). Certified questions are questions of law subject to *de novo* review. *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21.

¶ 31      Although the scope of our review is generally limited to the questions that are certified by the circuit court, if the questions so certified require limitation to materially advance the ultimate termination of the litigation, such limitation is proper. *Id.* ¶ 33; *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 557 (2009). In addition, in the interests of judicial economy and the need to reach an equitable result, we may consider the propriety of the circuit court order that gave rise to these proceedings. *De Bouse*, 235 Ill. 2d at 558 (citing *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 354 (2007)); *Crawford County Oil, LLC v. Weger*, 2014 IL App (5th) 130382, ¶ 11. Certification based on substantial grounds for difference of opinion is appropriate where the question of law has not been directly addressed by the appellate or supreme court. *Rozsavolgyi*, 2017 IL 121048, ¶ 32.

¶ 32      Here, the reframed certified question asks: "Whether mandatory distributions or withdrawals taken from an inherited individual retirement account (IRA) containing money that has never been imputed against the recipient for the purposes of maintenance and child support calculations constitute 'income' under 750 ILCS 5/504(b-3) (West 2018) and 750 ILCS 5/505(a)(3) (West 2018)."

¶ 33                    B. Principles of Statutory Construction

¶ 34       Our decision requires us to consider whether the mandatory distributions or withdrawals from the inherited IRAs meet the statutory definition of "income" for purposes of maintenance and child support. See 750 ILCS 5/504(b-3), 505(a)(3) (West 2018). How a statute is interpreted presents a question of law, which we review *de novo*. *In re Marriage of Rogers*, 213 Ill. 2d 129, 135-36 (2004).

¶ 35       When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature. *Lakewood Nursing & Rehabilitation Center, LLC v. Department of Public Health*, 2019 IL 124019, ¶ 17. The plain language of the statute is the best indicator of legislative intent. *LaSalle Bank National Ass'n v. Cypress Creek 1, LP*, 242 Ill. 2d 231, 237 (2011). Where the statutory language is clear, it must be given effect without resort to extrinsic aids of interpretation. *Rogers*, 213 Ill. 2d at 136. A statute is viewed as a whole. *United States v. Glispie*, 2020 IL 125483, ¶ 10. Therefore, words and phrases are construed considering other relevant statutory provisions and not in isolation. *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 15. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *Id.* A court may also consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Glispie*, 2020 IL 125483, ¶ 10; *Chicago Teachers Union*, 2012 IL 112566, ¶ 15. The court presumes that the General Assembly, in enacting legislation, did not intend absurdity, inconvenience, or injustice. *Lakewood Nursing & Rehabilitation Center*, 2019 IL 124019, ¶ 17.

¶ 36                    C. Relevant Provisions of the Act

¶ 37       Section 504 provides, in pertinent part, as follows: "(b-3) Gross income. For purposes of this Section, the term 'gross income' means all income from all sources, within the scope of that phrase in Section 505 of this Act, except maintenance payments in the pending proceedings shall not be included." 750 ILCS 5/504(b-3) (West 2018). Section 505(a)(3)(A) similarly provides that " 'gross income' means the total of all income from all sources." *Id.* § 505(a)(3)(A).

¶ 38                              D. Statutory Definition of "Income"

¶ 39          One fundamental objective of the Act is to make reasonable provisions for
       spouses and minor children during and after litigation. *Id.* § 102(8); *In re Marriage
       of Sharp*, 369 Ill. App. 3d 271, 280 (2006); see also *In re Marriage of Klomps*, 286
       Ill. App. 3d 710, 714 (1997) (finding that reasonable provision for spouses and
       minor children is one of the "overriding purposes" of the Act). The statutory
       definition of "gross income" for maintenance purposes is "all income from all
       sources" within the scope of that phrase in section 505 of the Act. 750 ILCS
       5/504(b-3) (West 2018). The relevant provision in section 505 defines "net income"
       for child support as "the total of all income from all sources" minus various
       enumerated deductions. *Id.* § 505(a)(3); *Rogers*, 213 Ill. 2d at 133. Thus, "income"
       has the same meaning with regard to maintenance and child support. Illinois
       reviewing courts have consistently held that this is a broad and expansive definition.
       *Mayfield*, 2013 IL 114655, ¶ 16; *Rogers*, 213 Ill. 2d at 136; *In re Marriage of
       Fortner*, 2016 IL App (5th) 150246, ¶ 17; *Department of Public Aid ex rel.
       Jennings v. White*, 286 Ill. App. 3d 213, 217 (1997).

¶ 40          This court has explained that "income" is simply " 'a gain or recurrent benefit
       received by an individual.' " *Rogers*, 213 Ill. 2d at 136 (quoting Webster's Third
       New International Dictionary 1143 (1986)). It has been defined as " '[t]he money
       or other form of payment that one receives' " *Id.* at 137 (quoting Black's Law
       Dictionary 778 (8th ed. 2004)). This court has also explained that the definition is
       broad and that " 'income' includes gains and benefits that enhance a noncustodial
       parent's wealth and facilitate that parent's ability to support a child." *Mayfield*,
       2013 IL 114655, ¶ 16 (citing *Rogers*, 213 Ill. 2d at 137). In addition, it has been
       defined as any form of payment to an individual, regardless of its source and
       regardless of whether it is nonrecurring, since "the relevant focus under section 505
       is the parent's economic situation at the time the child support calculations are made
       by the circuit court." *Rogers*, 213 Ill. 2d at 138; *Sharp*, 369 Ill. App. 3d at 280.

¶ 41          It has also been determined that the Act creates a rebuttable presumption that
       any such gain or benefit is income for child support unless specifically excluded by
       the statute. *Fortner*, 2016 IL App (5th) 150246, ¶ 20; *Sharp*, 369 Ill. App. 3d at
       280; *Jennings*, 286 Ill. App. 3d at 218. Illinois courts have determined that
       payments received by noncustodial parents deemed to be income include lump-sum

worker's compensation awards (*Mayfield*, 2013 IL 114655, ¶ 18); gifts from parents (*Rogers*, 213 Ill. 2d at 137); an employee's deferred compensation, military allowances, and pensions (*In re Marriage of Baumgartner*, 384 Ill. App. 3d 39, 54 (2008)); investment income and deferred compensation (*Jennings*, 286 Ill. App. 3d at 218); and distributions from a trust (*Sharp*, 369 Ill. App. 3d at 280-81).

¶ 42     "[A] variety of payments will qualify as 'income' for purposes of section 505(a)(3) of the Act that would not be taxable as income under the Internal Revenue Code." *Rogers*, 213 Ill. 2d at 137. As this court has recognized, however, the "Internal Revenue Code is designed to achieve different purposes than our state's child support provisions" and does not determine "what constitutes 'income' under the statutory child support guidelines enacted by the General Assembly." *Id.* Furthermore, the fact that a beneficiary of an inherited IRA may be required to take minimum distributions or withdrawals from the account due to tax consequences is irrelevant to the question of whether the distributions or withdrawals generated spendable earnings that enhances someone's wealth. *Id.*

¶ 43                    1. *The Mandatory Distributions and Withdrawals*
                    *Were a Gain and Benefit That Enhanced Mark's Wealth*

¶ 44     Mark contends that the inherited IRAs belonged to him when the October 11, 2016, dissolution judgment became final and was not appealed. Mark argues that, because the funds already belonged to him, the mandatory distributions and withdrawals did not represent a gain or benefit to him. Mark relies on the holding in *McGrath* for the proposition that the inherited IRAs are like self-funded savings accounts and the withdrawals do not constitute income under the Act. Mark maintains that after receiving the inheritance he could have put the funds in a savings account or spent the inheritance, which would have excluded it from being included in his support obligations.

¶ 45     Initially, we address Mark's contention that Sandra forfeited her right to challenge the circuit court's decision because the inherited IRAs belonged solely to him once the October 11, 2016, judgment was final and not appealed. Mark mischaracterizes the record.

¶ 46 Sandra filed a motion to reconsider the circuit court's October 11, 2016, order, contending that the disbursements and withdrawals from the inherited IRAs should be considered income when calculating Mark's child support and maintenance obligations. The trial court issued amended orders on December 18, 2017, and on December 28, 2017, reaffirming its prior position and ordered "that the dividends from the inheritance would be considered and added to Mark's monthly income for purposes of maintenance and child support purposes." Prior to the amended judgments, Mark filed a motion to reduce child support, contending that his employer lowered his wages and that one child was no longer a minor. On May 3, 2018, the court held a hearing and on September 5, 2018, entered an order declining to include Mark's "inherited mandatory retirement income" in its calculations of child support and maintenance. Sandra filed a motion to reconsider, which was denied on January 29, 2019.

¶ 47 Sandra attempted to appeal the September 5, 2018, order, which was denied for lack of jurisdiction because it was not a final and appealable order. Sandra then petitioned the court to certify the issue, which the circuit court granted. Thus, we find that Sandra has consistently challenged the circuit court's refusal to include the inheritance in its initial calculation of child support and maintenance. Nor was there ever a waiver of Sandra's interests in the inheritance held in several checking and investment accounts, including the two IRAs. See *In re Marriage of McLauchlan*, 2012 IL App (1st) 102114, ¶¶ 25, 28; *In re Marriage of Wojcik*, 2018 IL App (1st) 170625, ¶ 27.

¶ 48 We now address Mark's contention that, because the inheritance already belonged to him, the distributions and withdrawals did not represent a gain or benefit to him. He maintains that the inherited IRAs are like a self-funded savings account and that withdrawals should not be considered income. Mark relies on the holding in *McGrath* to support his position. We find this reliance misplaced.

¶ 49 In *McGrath*, the former husband was unemployed and living off assets that were awarded to him as part of the marital estate. 2012 IL 112792, ¶ 4. Subsequently, the former wife petitioned the court to determine child support, which had been reserved. *Id.* The respondent testified at the hearing that he was unemployed and that he withdrew $8500 per month from his savings account to meet expenses. *Id.* This court determined that money in a savings account "already belongs to the

- 11 -

account's owner, and simply withdrawing it does not represent a gain or benefit to the owner." *Id.* ¶ 14. "The money is not coming in as an increment or addition, and the account owner is not 'receiving' the money because it already belongs to him." *Id.*

¶ 50    We agree with the appellate court that, although it is not stated expressly in the *McGrath* opinion, it seems that the funds had already been considered income at some time prior to the withdrawals. 2020 IL App (5th) 200099, ¶ 18. In that circumstance, the money withdrawn from the savings account could not constitute income because there would be the issue of impermissible double counting. *Id.* ¶ 19. The *McGrath* court held that, because the savings account had already been considered income at some time before the withdrawals, the money withdrawn from the account could not also constitute income. Stated more generally, *McGrath* holds that, to avoid double counting, the liquidation of an asset awarded in a marriage dissolution judgment is not income if the asset has been previously imputed to the party for maintenance and support purposes. This view of *McGrath* is consistent with *Rogers*, where this court held that "net income" under section 505 of the Act included gifts and loans received by the spouse from his family after the marriage dissolution. *Rogers*, 213 Ill. 2d at 137. The money in *Rogers* was factored into support as income not because it was received as gifts and loans but because it was received after the dissolution judgment and had not been previously imputed as income for support purposes.

¶ 51    It would be improper for funds to be considered income first when they are received or earned and then again when they are withdrawn for purposes of the Act. *In re Marriage of Schneider*, 214 Ill. 2d 152, 166 (2005) (finding professional goodwill as an aspect of income potential that is reflected in the maintenance and support awards, and any additional consideration of goodwill value is duplicative and improper (citing *In re Marriage of Zells*, 143 Ill. 2d 251, 256 (1991))); *In re Marriage of Lindman*, 356 Ill. App. 3d 462, 470-71 (2005).

¶ 52    Mark never earned or contributed to the inherited IRAs; thus any distributions or withdrawals he receives from the accounts are an addition that increases his wealth. This court has recognized that "income" includes those gains and benefits that enhance a parent's wealth and facilitate that parent's ability to support a child. *Mayfield*, 2013 IL 114655, ¶ 16 (citing *Rogers*, 213 Ill. 2d at 137). Because the

- 12 -

inheritance received predissolution was never included in the initial calculations of Mark's support obligations, including the mandatory distributions and withdrawals does not constitute double counting.

¶ 53 Mark contends that, upon receipt, he could have deposited the inheritance in a savings account or spent the entire inheritance, which would have excluded it from being included in his support obligations. We disagree with Mark's contention. The determination of support is based on whether that money has been previously imputed as income against the individual receiving the distributions. 750 ILCS 5/504(b-3), 505(a)(3) (West 2018); *Rogers*, 213 Ill. 2d at 136. The relevant focus under the Act is the parent's economic situation at the time the support calculations are made by the circuit court. *Rogers*, 213 Ill. 2d at 138.

¶ 54 Here, the circuit court refused to include the inheritance as income at the time of the dissolution of the marriage and excluded it when computing Mark's support obligations. See *id.* at 139. Yet, the inherited IRAs were a gain and benefit to Mark, which facilitated his ability to meet his child support and maintenance obligations. See *Mayfield*, 2013 IL 114655, ¶ 16 (citing *Rogers*, 213 Ill. 2d at 137). Accordingly, we find that, under the plain language of the Act, Mark's receipt of the mandatory distributions and withdrawals from the inherited IRAs are included in the statutory definition of "income" for the purpose of calculating his support obligations. 750 ILCS 5/504(b-3), 505(a)(3) (West 2018); *LaSalle National Bank Ass'n*, 242 Ill. 2d at 237; *Rogers*, 213 Ill. 2d at 137 (finding inclusion of gifts a father receives from his family as income is proper under the plain and ordinary language of section 505(a)(3)). Classifying the distributions and withdrawals as income does not constitute impermissible double counting because the inherited IRAs had not been previously imputed to Mark as income for support purposes.

¶ 55 2. *"Income" Includes Mark's Nonmarital Inheritance*
*That Is Reinvested Into Retirement Accounts*

¶ 56 We next address Mark's contention that "income" does not include his nonmarital mandatory distributions and withdrawals that he reinvests into his own retirement account. In support, Mark relies on *McLauchlan*, 2012 IL App (1st) 102114, for the proposition that the nonmarital IRA mandatory withdrawals are not

- 13 -

income for purposes of calculating support under the Act. Additionally, Mark points out that Sandra stipulated that the inherited accounts were nonmarital.

¶ 57    In *McLauchlan*, the marital settlement agreement included a property settlement in which the parties distributed rights in various retirement accounts and pensions. *Id.* ¶ 5. The appellate court noted that the settlement agreement provided that " '[e]ach party shall execute any and all documents necessary to waive any and all interests, or partial interest(s) in and to the retirement plan(s) the other party is receiving pursuant to terms of the Agreement.' " (Emphasis omitted.) *Id.* The appellate court determined that the trial court's finding that gross income includes monies drawn from the husband's retirement benefits when modifying maintenance was an improper modification of the parties' property settlement agreement. *Id.* ¶ 25. In reaching this conclusion, the appellate court relied on the parties' property settlement in which they mutually waived all interest in the other's retirement benefits for purposes of maintenance. *Id.* The court reasoned that, where the parties have waived all interest in retirement plans of the other, the parties are bound to the terms of their agreement. *Id.* ¶ 29.

¶ 58    Mark relies on *McLauchlan* for support; however, this reliance is misplaced. Mark fails to acknowledge the factual difference that was significant in the *McLauchlan* court's decision. The court found pivotal the parties' agreement in their property settlement to waive all interests in the other's self-funded retirement plans. *Id.* ¶ 25. Here, Sandra made no such waiver. See *Wojcik*, 2018 IL App (1st) 170625, ¶¶ 27-28.

¶ 59    We next point out that in Mark's brief to this court he indicates there is great significance to the fact that Sandra stipulated that the inherited funds were nonmarital. However, elsewhere in his brief he concedes that "[w]hether or not the funds are marital or nonmarital is irrelevant."

¶ 60    This court has found that income earned subsequent to the dissolution of a marriage, *i.e.*, nonmarital, should be considered for the purpose of support calculations. *Mayfield*, 2013 IL 114655, ¶ 18 (agreeing that a postdissolution workplace injury and subsequent one-time payment of workers' compensation settlement award is income under the Act). In addition, the appellate court in *Klomps*, 286 Ill. App. 3d at 714, determined that income included retirement pay that was classified as marital and subsequently, when received, reclassified as

income for child support purposes. The court reasoned that there is nothing in the Act to authorize excluding from child support income received by a party, simply because it was classified as marital property. *Id.* (citing 750 ILCS 5/102(5), 505(a)(3) (West 1992)).

¶ 61 Under the circumstances here, the fact that Mark's inheritance was received predissolution and classified as nonmarital is not conclusive in determining whether it was income under the Act. See *Mayfield*, 2013 IL 114655, ¶ 18; *Rogers*, 213 Ill. 2d at 139. In addition, the fact that Mark has chosen to reinvest the mandatory distributions and withdrawals into his own retirement account is of no effect in the determination of support and maintenance obligations, which are based on *income from all sources*. 750 ILCS 5/504(b-3), 505(a)(3) (West 2018); *Mayfield*, 2013 IL 114655, ¶ 16; *Rogers*, 213 Ill. 2d at 137. Consequently, Mark's nonmarital mandatory distributions and withdrawals received and reinvested in his own retirement accounts are not excluded from the statutory definition of "income" under the Act. Because we have determined that "income" under the Act includes Mark's inherited IRA mandatory distributions, we need not address his alternative argument that they should be used to determine his assets to analyze if a deviation from the statutory guidelines in calculating child support and maintenance is appropriate.

¶ 62 *3. Alleged Appellate Districts' Discrepancy*

¶ 63 Mark invites us to address what he describes as an alleged discrepancy in the appellate districts regarding the distributions from an IRA and whether they constitute income for purposes of calculating child support and maintenance under the Act. Mark cites *Lindman*, 356 Ill. App. 3d at 469, *In re Marriage of O'Daniel*, 382 Ill. App. 3d 845 (2008), and *In re Marriage of Verhines*, 2018 IL App (2d) 171034, for the proposition that the appellate court has expressed conflicting opinions regarding whether mandatory distributions from retirement accounts are income. We disagree. The underlying concern in those decisions was whether the income at issue had been subject to double counting for purposes of establishing support. Our holding today makes clear that all income must be taken into consideration when setting support, but income may be considered only once when

doing so.

¶ 64                                    III. CONCLUSION

¶ 65        We answer the certified question in the affirmative. We find that the clear meaning of the Act, which shall be liberally construed, and its purpose of making reasonable provision for spouses and minor children during and after litigation supports our inclusive definition of "income." See 750 ILCS 5/102(8) (West 2018); *Mayfield*, 2013 IL 114655, ¶ 16 (citing *Rogers*, 213 Ill. 2d at 137). Considering the broad definition of "income" under the Act, we find that, here, the wealth generated by the mandatory distributions or withdrawals from inherited IRAs that has never been imputed against Mark is income for support purposes. Accordingly, we hold that the mandatory IRA distributions and withdrawals must be included in calculating Mark's child support and maintenance obligations.

¶ 66        Consequently, we affirm the judgment of the appellate court and reverse the circuit court's order of September 5, 2018, and remand this case to the circuit court with directions to recalculate the child support and maintenance amounts in accordance with this opinion.

¶ 67        Certified question answered.

¶ 68        Appellate court judgment affirmed.

¶ 69        Circuit court judgment reversed.

¶ 70        Cause remanded with directions.

¶ 71        JUSTICE OVERSTREET took no part in the consideration or decision of this case.