NOTICE
Decision filed 08/30/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230529-U

NO. 5-23-0529

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| In re MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| SANDRA D. DAHM-SCHELL, | ) | St. Clair County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 14-D-637 |
| | ) | |
| MARK R. SCHELL, | ) | Honorable |
| | ) | Patrick J. Foley, |
| Respondent-Appellee. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court's order of April 18, 2023, is affirmed, in part, and reversed, in part. The portion of the order regarding the recalculation of child support and maintenance is reversed and remanded with directions to recalculate beginning in October 2016, in order to follow the mandate of the Illinois Supreme Court. The portions of the order regarding the award of interest on the credit card debt and the award of medical expenses are affirmed because the appellant has failed to properly articulate her arguments on appeal on those issues.

¶ 2                     I. BACKGROUND

¶ 3   Sandra Dahm-Schell and Mark Schell were married on November 7, 1992. On August 12, 2014, Sandra filed for a dissolution of marriage. While the dissolution of marriage action was pending, Mark's mother died, and he inherited approximately $615,000. The inheritance was held in various checking accounts and investment accounts, the majority being held in two IRAs. On

1

October 11, 2016, the circuit court entered a judgment of dissolution of marriage in the parties' divorce case, No. 14-D-637. The parties had five children, three of whom were minors at the time of the dissolution of the marriage. In the judgment of dissolution of marriage, the circuit court found that based upon the 2015 financial statements provided by Mark, he earned a monthly gross income of $8301.83 at his place of employment. He also earned $462.33 per month in dividends from the inherited IRAs, bringing his monthly gross income to $8764.16 per month or $105,169.92 per year. The parties stipulated in the circuit court proceedings that the inheritance was Mark's nonmarital property, and the respondent was subsequently awarded all the inheritance he received from his mother. When initially calculating child support and maintenance in its October 11, 2016, order, the circuit court did not include Mark's inheritance as part of his income; instead, the circuit court only included the respondent's dividend earnings from the inherited IRAs.

¶ 4       On November 10, 2016, and November 21, 2016, respectively, Mark and Sandra filed motions to reconsider the circuit court's October 11, 2016, judgment. In the circuit court's amended judgment and rulings entered on December 18, 2017, and its second amended judgment and rulings entered on December 28, 2017, the circuit court reaffirmed its prior position and ordered that only "the dividends from [the respondent's] inheritance shall be considered and added to his monthly income for maintenance and child support purposes."

¶ 5       On March 28, 2017, prior to any rulings on the motions to reconsider or the circuit court's amended judgments discussed above, Mark filed pleadings petitioning the circuit court to reduce the amount of child support and maintenance he was obligated to pay to the petitioner. The basis for the reduction articulated in his motion was that his employer reduced his pay by 20% effective March 19, 2017, due to the company's financial issues which also resulted in one third of the staff being laid off.

2

¶ 6    On May 3, 2018, a hearing was held in the circuit court. The hearing was on Mark's March 28, 2017, motion to reduce child support and maintenance and Mark's petition for rule to show cause filed on April 3, 2018, regarding, *inter alia*, credit card debt that Sandra was ordered to pay.

¶ 7    The circuit court first heard Mark's petition for rule to show cause. Sandra was previously ordered to pay the credit card debt in the circuit court's judgment entered on December 28, 2017; however, the judgment did not contain a date to pay the debt by. Mark requested a date for the payment to be made. After a discussion on the record between Sandra and her counsel, the circuit court ordered "that $3838.44 will be paid to Mr. Schell within, let's put 45 days."

¶ 8    Turning to the motion to reduce child support and maintenance, Mark testified at the hearing that he filed for the reduction because his employer, William Tao & Associates, was having financial difficulties that resulted in a reduction in the workforce from 70 employees to less than 20, and those remaining 20 employees' pay was reduced to 80% of what it was previously. Mark was shown defendant's exhibit 2 which contained his pay stubs from William Tao & Associates. He identified the first pay stub with a pay date of March 22, 2017, with a gross pay of $3923.08. The next pay stub had a pay date of April 5, 2017, which covered the pay period of March 20, 2017, through April 2, 2017. This pay stub had a gross pay of $3138.46. The remaining pay stubs reflected a gross pay of $3138.46 until Mark was laid off on February 12, 2018.

¶ 9    After being laid off, Mark received $640 in unemployment for two weeks. He testified he could have received it for an additional two weeks, but he was late in filing. Mark obtained new employment and began his new job on March 19, 2018. Defendant's exhibit 17 showed that his new bi-weekly gross pay was $3600.

¶ 10    Mark testified that he received $10,731 in mandatory IRA distributions from the inherited accounts as indicated by his financial statement, but noted that, upon receiving those distributions,

3

he immediately transferred the money into another "non-marital account" held in his name. He testified that these distributions were the mandatory minimum distributions required under federal law. He also testified that he received dividends on the inherited IRAs but clarified that he does not actually "receive the dividends. They're in an account that's reinvested." He then went on to affirm that these dividends were still considered income.

¶ 11　It was Mark's position during the hearing that his mandatory withdrawals of $894.25 per month should not be considered income for the purpose of calculating child support and maintenance because he had no choice but to take the distributions from the inherited IRAs (now transferred into his own IRA) and the inheritance was not marital property. He further stated, "[The circuit court] ruled that [the petitioner] was not entitled to my nonmarital inheritance." On cross-examination, Sandra's counsel questioned Mark regarding his mandatory withdrawals.

¶ 12　Mark testified regarding defendant's exhibits 1 and 12, which he identified as Sandra's pay stubs. Defendant's exhibit 1 was a pay stub showing Sandra's income as $1666.67. Defendant's exhibit 12 was a pay stub showing Sandra's income increasing to $1875.

¶ 13　Mark also testified that when the original judgment of dissolution was entered, three of his children were minors. On June 24, 2017, one of the minors turned 18 after graduating from high school.

¶ 14　Sandra also testified at the May 3, 2018, hearing. Sandra testified that at the time of the original dissolution judgment her income was calculated to be $28,000 annually. She testified that in March of 2017 her salary was increased to $40,000 annually, and in September of 2017 her salary was increased to $45,000 annually.

¶ 15　At the conclusion of the hearing, the circuit court gave each party 14 days to provide case law and argument regarding whether Mark's dividend income should be counted as income

4

towards the calculation of maintenance and child support. On September 5, 2018, the circuit court entered an order declining to include Mark's inherited mandatory retirement distributions when calculating child support and maintenance. Sandra filed a motion to reconsider the September 5, 2018, order on October 5, 2018.

¶ 16 On October 22, 2018, Mark filed a petition for rule to show cause regarding the $3838.44 that Sandra was ordered to pay for credit card debt. Said petition referenced the May 3, 2018, order of the court that Sandra was to pay the credit card debt of $3838.44 within 45 days.

¶ 17 On December 20, 2018, Mark filed a counterpetition to modify child support. He noted that a hearing took place on May 3, 2018, regarding his earlier petition to modify and a final order had not been entered to date. He noted that one of the minor children will reach the age of 18 in May 2019, and he requested that his child support obligation be modified as of June 1, 2019.

¶ 18 On January 29, 2019, the circuit court denied Sandra's motion to reconsider filed on October 5, 2018. The order also provided that positions papers on all pending issues, including final child support, maintenance, and retroactive amounts, were to be filed within 30 days with a hearing to follow. Mark filed his position paper on February 27, 2019.

¶ 19 Sandra did not file a position paper. Instead, on February 13, 2019, Sandra filed a notice of appeal that attempted to appeal the circuit court's September 5, 2018, order in this court in case number 5-19-0075. However, that appeal was dismissed for lack of jurisdiction on February 26, 2020, because the September 5, 2018, order was not a final and appealable order.

¶ 20 Prior to the dismissal of appeal 5-19-0075, on February 18, 2020, Sandra moved to certify the issue of whether mandatory IRA distributions constituted income as a question for interlocutory appeal. This court granted Sandra's petition for leave to appeal. On November 30, 2020, in case number 5-20-0099, this court reframed the certified question and answered the

5

following question in the affirmative: " 'Whether mandatory distributions or withdrawals taken from an inherited individual retirement account (IRA) containing money that has never been imputed against the recipient for the purposes of maintenance and child support calculations constitute "income" under 750 ILCS 5/504(b-3) (West 2018) and 750 ILCS 5/505(a)(3) (West 2018).' " *In re Marriage of Dahm-Schell*, 2020 IL App (5th) 200099, ¶ 1. This court vacated the circuit court's September 5, 2018, order and remanded the proceedings to the circuit court with direction to recalculate the child support and maintenance amounts in accordance with our opinions. *Id.* ¶ 27.

¶ 21    Mark filed a petition for leave to appeal the opinion to the Illinois Supreme Court on December 30, 2020. On March 24, 2021, the Illinois Supreme Court granted the petition for leave to appeal. In an opinion filed on November 18, 2021, the Illinois Supreme Court affirmed this court's decision regarding the inclusion of the mandatory distributions or withdrawals from an inherited IRA. *In re Marriage of Dahm-Schell*, 2021 IL 126802, ¶ 65. The Illinois Supreme Court held "that the mandatory IRA distributions and withdrawals must be included in calculating Mark's child support and maintenance obligations." *Id.* The matter was remanded "to the circuit court with directions to recalculate the child support and maintenance amounts in accordance with this opinion." *Id.* ¶ 66.

¶ 22    Following remand, the circuit court held a hearing on postjudgment issues including child support, maintenance, credit card debt, and medical bills on July 18, 2022. The circuit court received and admitted Mark's exhibits A through X regarding child support and maintenance calculations. Sandra did not present any exhibits at the hearing; however, she was granted leave to submit documents in support of her position. Sandra, through counsel, moved for a directed verdict arguing that Mark did not show a substantial change in circumstances. The circuit court denied the

6

oral motion for a directed verdict. The circuit court gave each party leave to submit an affidavit as to the attorney fees and costs incurred due to their respective petitions for rule to show cause on the issues of credit card debt and medical bills. On August 26, 2022, Mark's counsel filed an affidavit for attorney fees regarding Sandra's contempt in failing to pay the credit card debt as ordered.

¶ 23 On September 6, 2022, the circuit court scheduled a hearing on all remaining issues to take place on December 30, 2022. Due to the unavailability of the circuit court the setting of December 30, 2022, was vacated and rescheduled. On February 2, 2023, the circuit court held a hearing on all remaining issues following the ruling of the Illinois Supreme Court that remanded the matter for further hearing. The circuit court heard additional testimony from Mark and Sandra.

¶ 24 During the February 2, 2023, hearing, Sandra's counsel requested leave to file an affidavit regarding attorney fees related to Sandra's petition regarding the payment of medical bills. A review of the record on appeal does not reveal that Sandra filed such an affidavit prior to the circuit court's ruling on April 18, 2023, nor did she submit a calculation of any proposed interest award.

¶ 25 The circuit court's April 18, 2023, order, stated it was on all remaining issues, including the currently pending respondent's petition to modify child support and maintenance filed on March 28, 2017, respondent's rule to show cause filed on October 22, 2018, petitioner's rule to show cause and petition to modify child support filed on November 27, 2018, and respondent's counterpetition to modify child support filed on December 20, 2018. The order also stated, *inter alia*, that the

"Illinois Supreme court issued their opinion on November 18, 2021, and this court has implemented that opinion in the ruling herein and has considered the Respondent's inheritance and included the mandatory withdrawals that the Respondent made from his

7

inherited accounts as income in calculating the child support and maintenance owed by Respondent."

The circuit court found that retroactive modification of support and maintenance is appropriate back to the date of filing of the respondent's petition to modify filed on March 28, 2017. The circuit court made findings regarding the income of the parties from 2017 through 2022, and determined periods that child support and maintenance were underpaid and overpaid. The court found that Mark underpaid child support between March 2017 through May 2021, when the last child reached majority, to be $1804. The court found that Mark overpaid maintenance from March 2017 through February 2023 in the amount of $15,835.62.

¶ 26    Additionally, the circuit court also found Sandra to be in indirect civil contempt for her failure to comply with the December 28, 2017, judgment to pay the balance of the credit card which was $3838.44 at the time. The circuit court found that it was appropriate to apply simple interest of 9% per annum since the judgment was entered and therefore Sandra owed Mark $6026.31 for the unpaid credit card debt as of March 31, 2023. The circuit court awarded Mark attorney fees in the amount of $875 as set forth in the affidavit of attorney fees.

¶ 27    The circuit court also found Mark to be in indirect civil contempt for his failure to comply with the judgment of dissolution by failing to pay his portion of the minor children's medical bills in the amount of $1164.84. The circuit court awarded Sandra attorney fees in the amount of $1000.

¶ 28    On May 18, 2023, Sandra filed a motion to reconsider the April 18, 2023, order. The circuit court held a hearing and heard argument on the motion to reconsider on July 11, 2023. The motion to reconsider was denied on July 18, 2023. Sandra filed a timely notice of appeal on July 21, 2023.

¶ 29                                    II. ANALYSIS

¶ 30     On appeal, Sandra seeks review of five issues. Sandra combined issues one and two and argues that the Mark failed to prove a substantial change in circumstances to support a modification of maintenance and child support and that the circuit court's retroactive modification of maintenance and child support was an abuse of discretion. Next, Sandra alleges the circuit court abused its discretion by refusing to consider Sandra's motion to increase child support. For issue four, Sandra argues the trial court abused its discretion by failing to order Mark to pay interest on the overdue children's medical expenses. Finally, Sandra asserts the circuit court abused its discretion by awarding Mark interest on the unpaid credit card debt back to the date of the judgment of December 18, 2017.

¶ 31                        A. Child Support and Maintenance

¶ 32     From the time the original judgment of dissolution of marriage was entered on October 11, 2016, the parties have disputed what the proper child support and maintenance obligations should be. As set forth above, this matter has a long and complicated procedural history stemming from that dispute. This court, in case number 5-20-0099, found that " 'mandatory distributions or withdrawals taken from an inherited [IRA] containing money that has never been imputed against the recipient for the purposes of maintenance and child support calculations constitute "income" under 750 ILCS 5/504(b-3) (West 2018) and 750 ILCS 5/505(a)(3) (West 2018).' " 2020 IL App (5th) 200099, ¶ 1. This court vacated the circuit court's September 5, 2018, order and remanded the proceedings to the circuit court with direction to recalculate the child support and maintenance amounts in accordance with our opinions. *Id.* ¶ 27.

¶ 33     In an opinion filed on November 18, 2021, the Illinois Supreme Court affirmed this court's decision regarding the inclusion of the mandatory distributions or withdrawals from an inherited

9

IRA. 2021 IL 126802, ¶ 65. The Illinois Supreme Court held "that the mandatory IRA distributions and withdrawals must be included in calculating Mark's child support and maintenance obligations." *Id.* The matter was remanded "to the circuit court with directions to recalculate the child support and maintenance amounts in accordance with this opinion." *Id.* ¶ 66.

¶ 34 As we stated, this matter has a long and complicated procedural history. Unfortunately, on remand, the circuit court failed to completely follow the mandate of the Illinois Supreme Court when it recalculated the child support and maintenance awards beginning in March 2017 instead of recalculating the awards back to the original judgment of dissolution entered in October 2016. Whether the circuit court complied with an appellate mandate is a question of law subject to *de novo* review. *Emerald Casino, Inc. v. Illinois Gaming Board*, 366 Ill. App. 3d 113, 118 (2006).

¶ 35 On appeal, neither party has challenged the calculations and associated findings the circuit court made regarding the amount of child support and maintenance that was overpaid for some periods and underpaid for others and there is nothing to indicate these findings were an abuse of discretion. Rather, the parties focused their disagreement on whether a substantial change in circumstance occurred and disregarded that the mandate issued to the circuit court required the recalculation of maintenance and child support. However, as conceded by Sandra's counsel during oral argument in this case, the supreme court's mandate remanding this case with directions to recalculate the child support and maintenance rendered the motion to reconsider moot as a recalculation was already required.

¶ 36 Accordingly, we reverse, in part, the circuit court's order of April 18, 2023, and remand with directions to recalculate the child support and maintenance obligations for the period beginning as of October 11, 2016, through March of 2017, and modify the amounts of underpaid

10

or overpaid child support and maintenance accordingly. This resolves issues I, II, and III raised by Sandra on appeal.

¶ 37            B. Interest on Children's Medical Expenses and Credit Card Debt

¶ 38    On appeal, "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The appellant's mere allegation that the trial court's orders were in error without any argument or citation to authority falls short of what is required under Rule 341(h)(7), "which our supreme court has stated is not a mere suggestion, but has the force of law." *In re Marriage of James*, 2018 IL App (2d) 170627, ¶ 37 (citing *Rodriquez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 353 (2006)). "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Id.*

¶ 39    As to Sandra's issue IV, her brief paraphrases two statutory sections, but fails to cite any legal authority in support of her position. Further, it appears that the transcript of the hearing on February 2, 2023, is incomplete. The transcript from this date included in the record on appeal indicates that a recess was taken and Mark was to be questioned regarding Sandra's exhibit 10, which concerned the medical expenses following the recess. Additionally, the transcript states, "End of proceedings that were requested to be transcribed on the above date." The appellant, Sandra, has a duty to provide the reviewing court with a sufficiently complete record, and any doubts caused by an incomplete record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

11

¶ 40    As to Sandra's issue V, her brief fails to cite any legal authority on this issue. The entire argument section on this point consists of five sentences. Accordingly, we find Sandra forfeited issues IV and V on whether the trial court abused its discretion by awarding interest on a judgment to Mark but not awarding interest on medical expenses to Sandra. Moreover, despite Sandra's failure to articulate how the circuit court's orders were an abuse of discretion, our review of the record on appeal does not reveal an obvious demonstration of error on the part of the circuit court that would warrant this court overlooking the forfeiture. We affirm, in part, the circuit court's order of April 18, 2023, regarding the award of interest to Mark on the credit card debt Sandra was ordered to pay and the award of $1164.84 to Sandra for the children's medical expenses.

¶ 41                               III. CONCLUSION

¶ 42    For the foregoing reasons, we affirm, in part, and reverse, in part, the circuit court's order of April 18, 2023.

¶ 43    Affirmed in part and reversed in part; cause remanded with directions.