NOTICE

Decision filed 02/19/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250588-U

NO. 5-25-0588

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CHRISTY HOWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 23-OP-63 |
| | ) | |
| ANTHONY ANDERSON, | ) | Honorable |
| | ) | Jennifer M. Becker-Roscow, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Hackett and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order extending petitioner's plenary stalking no contact order is affirmed where denial of respondent's motion to dismiss petitioner's motion to extend the previously issued order was proper.

¶ 2    Respondent, Anthony Anderson, appeals the circuit court's July 14, 2025, order extending a stalking no contact order previously issued on June 14, 2023. He contends the circuit court's order violated section 30(a) of the Stalking No Contact Order Act (Act) (740 ILCS 21/30(a) (West 2024)). He further argues that section 105(c) of the Act (*id.* § 105(c)) did not authorize the entry of an order extending the original plenary order. For the following reasons, we affirm the circuit court's order.

1

¶ 3                          I. BACKGROUND

¶ 4    On June 5, 2023, petitioner, Christy Howell, filed a verified petition requesting a stalking no contact order for her and her family against respondent, Anthony Anderson. The parties are neighbors and the conflict began when Anthony decided to build a fence between the two properties, but the proposed fence did not meet the Steeleville, Illinois, city ordinance requirements. Confrontations occurred in which Anthony called Christy, her family, police officers, and code enforcement officials "racist" along with other derogatory names. He also used profane language and threats when addressing Christy, her family, and when expressing his disagreement with the boundary lines and ordinance requirements. Christy's petition alleged that Anthony sprayed Spectracide on her property which included a plant farm, blocked access to Christy's home, repeatedly used offensive language toward Christy's husband, and drove in the middle of the road to keep Christy's daughter from passing him on her way home. Anthony's verbal statements and threats were allegedly captured on police officer body cameras or witnessed by people visiting the plant farm.

¶ 5    The circuit court denied Christy's request for emergency relief and set the matter for a plenary hearing on June 14, 2023. Following the June 14, 2023, hearing, a stalking no contact order was issued granting Christy's petition and protecting Christy and her family. As a result of the order, Anthony was prohibited from (1) threatening to commit or committing stalking personally or through a third party, (2) contacting the protected parties through any type of communication, and (3) coming within 500 feet of the protected parties at their home, employment, or school. The order was effective until June 14, 2025.

¶ 6    On May 14, 2025, Christy filed a motion for an extension of the plenary order. Therein, she alleged that the "conduct of [Anthony] has not changed since the last Order was entered.

[Anthony] has violated the Court's Order numerous times[,] and his conduct is still causing [Christy] severe mental distress." Both parties obtained counsel. On June 9, 2025, Anthony's attorney moved to dismiss Christy's motion for extension of the plenary order pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2024)), arguing that insufficient facts were pled to admit or deny and that by only alleging conclusions, Christy was "attempting to secure an extension by means of a classic trial by ambush *** with the expectation that [Christy] will be permitted [to] disclose the factual basis for the Motion only at hearing."

¶ 7    A hearing on Anthony's motion to dismiss and Christy's motion to extend the original order was held on July 14, 2025. The motion to dismiss was addressed first. Counsel argued that no definitive facts were alleged and the motion only contained legal conclusions. In response, Christy's counsel argued that the extension was allowed by law and if Anthony wanted additional information, he could have filed a bill of particulars. In response, counsel conceded that dismissal might not be in order if a bill of particulars was allowed. He further argued that he did not think "section 105 permits a party to simply seek an extension without setting the facts that supports the extension." He complained that Christy "didn't even incorporate by reference all of the allegations that were made in the prior petition." The court reviewed the statute and found that while the motion to extend was "pretty bare bones," it satisfied the statutory requirements. The court denied Anthony's motion to dismiss and moved on to Christy's motion for extension of the plenary order. Following a brief discussion with Anthony and his counsel, the circuit court entered an order extending the stalking no contact order through July 27, 2027. Anthony appeals.

¶ 8                                          II. ANALYSIS

¶ 9    On appeal, Anthony first contends that the Civil Practice Law (735 ILCS 5/2-101 *et seq.* (West 2024)), as incorporated by section 30(a) of the Act (740 ILCS 21/30(a) (West 2024)), was

3

violated by the circuit court's denial of Anthony's motion to dismiss because Christy's petition failed to allege a sufficient factual basis under section 105(c) of the Act (740 ILCS 21/105(c) (West 2024)). Anthony also argues that he never filed an answer nor was he in default, so section 100(4) of the Act (*id.* § 100(4)) was never triggered. Anthony further requests this court advise if a motion to dismiss creates a contested motion to extend the plenary order, and, then argues if it does create a contested motion, the requirements of section 105(c) of the Act were not met and the trial court did not have jurisdiction to issue the order. We review the circuit court's dismissal of Anthony's motion to dismiss *de novo*. *Mosby v. Ingalls Memorial Hospital*, 2023 IL 129081, ¶ 29. Questions of statutory construction involve questions of law and are also reviewed *de novo*. *Id.*

¶ 10    Anthony's motion to dismiss was based on section 2-615 of the Code (735 ILCS 5/2-615 (West 2024)). Section 2-615 of the Code provides the avenue to file motions addressing defects in pleadings, including insufficiencies of law or those requiring a pleading to be "more definite and certain in a specified particular." *Id.* § 2-615(a). However, the Code also states that, "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." *Id.* § 2-612(b). Further, the Code requires a pleading to "be liberally construed with a view to doing substantial justice between the parties." *Id.* § 2-603.

¶ 11    A motion to dismiss under section 2-615 of the Code challenges a complaint's legal sufficiency based on defects apparent on the fact of the complaint. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47. In ruling on a section 2-615 motion to dismiss, the court must accept all well-pleaded facts, as well as any reasonable inferences to be drawn therefrom, as true. *Id.*

¶ 12      Anthony's initial argument contends that the circuit court's denial of his motion to dismiss violated section 30(a) of the Act (740 ILCS 21/30(a) (West 2024)) because the motion to extend the order failed to meet the pleading standards of the Code (735 ILCS 5/1-101 *et seq.* (West 2024)).

¶ 13      When construing a statute, a reviewing court's "primary objective is to ascertain and give effect to the intent of the legislature." *In re Marriage of Dahm-Schell*, 2021 IL 126802, ¶ 35. The best indicator of the legislature's intent is the plain language of the statute. *Id.* We review the statute as a whole with words and phrases "construed considering other relevant statutory provisions and not in isolation." *Id.* No word, clause, or sentence should be rendered superfluous. *Id.* We also "presume[ ] that the General Assembly, in enacting legislation, did not intend absurdity, inconvenience, or injustice." *Id.*

¶ 14      Section 30(a) of the Act states that,

> "Any proceeding to obtain, modify, reopen or appeal a stalking no contact order shall be governed by the rules of civil procedure of this State. The standard of proof in such a proceeding is proof by a preponderance of the evidence. The Code of Civil Procedure and Supreme Court and local court rules applicable to civil proceedings shall apply, *except as otherwise provided by this Act*." (Emphasis added.) 740 ILCS 21/30(a) (West 2024).

¶ 15      Here, Anthony contends that Christy's motion to extend provided insufficient information for him to respond to the complaint. However, section 105 of the Act, that addresses the extension of plenary orders, states that,

> "If the motion for extension is uncontested and the petitioner seeks no modification of the order, *the order may be extended on the basis of the petitioner's motion or affidavit stating that there has been no material change in relevant circumstances*

5

*since entry of the order and stating the reason for the requested extension.*"

(Emphasis added.) *Id.* § 105(c).

¶ 16    As all these statutes address pleading requirements, we construe the provisions together and not in isolation. *Roberts v. Alexandria Transportation, Inc.*, 2021 IL 126249, ¶ 29. Section 30 clearly requires adherence to the Code, "except as otherwise provided by this Act." 740 ILCS 21/30(a) (West 2024). The Act includes section 105(c), which provides the pleading requirements for a motion to extend a plenary order. *Id.* § 105(c). Those requirements are twofold: (1) a statement that there has been no material change in relevant circumstances since the entry of the order and (2) the reason for the requested extension. *Id.* Since section 105 of the Act provides the necessary pleading requirements, the strict factual pleading requirements required by the Code are inapplicable.

¶ 17    Christy's motion stated that the "conduct of [Anthony] has not changed since the last Order was entered. [Anthony] has violated the Court's Order numerous times[,] and his conduct is still causing the Petitioner severe mental distress." While more detail could likely have been provided, the first sentence clearly contends that no material change has occurred since the issuance of the previous order. Further, Christy's claim of continued "severe mental distress" provides a reason for the requested extension. As such, we find the language in Christy's motion sufficient to meet the pleading requirements of section 105 of the Act. Accordingly, we do not find that section 30(a) of the Act was violated and affirm the circuit court's denial of Anthony's motion to dismiss.

¶ 18    Anthony also argues that the requirements of section 100 of the Act, referenced in section 105(c), were not met, because Anthony neither answered, nor defaulted, in the proceedings. In support, Anthony relies on a 2018 unpublished decision. However, by Anthony's own admission, this argument was not presented to the circuit court. "Questions not raised in the trial court cannot

be argued for the first time on appeal." *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 355 (1998). Therefore, the issue is forfeited. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 344 (2002). We further note that unpublished decisions are not precedential and are only citable if they were issued after 2021. See Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021). As such, we decline to address this argument.

¶ 19 Finally, Anthony asks this court to determine if Anthony's motion to dismiss Christy's motion changed the matter from one that was uncontested to one that was contested. He further claims the circuit court lacked jurisdiction to enter the order. We find both the request and the claim ill-founded. First, no request to address the issue of contested or uncontested was presented to the trial court. Second, it is well settled that the appellate court does not render advisory opinions. *Barth v. Reagan*, 139 Ill. 2d 399, 419 (1990). Further, no argument related to jurisdiction was ever presented to the circuit court, and the one sentence claim in Anthony's brief, that the trial court did not have jurisdiction, was a legal conclusion that provided no context or argument beyond citation to two unpublished decisions issued prior to 2021 with no pinpoint cite for either case. As such, the contentions now raised on appeal for the first time were forfeited (*Ragan*, 183 Ill. 2d at 355; *Robidoux*, 201 Ill. 2d at 344), no actual argument regarding jurisdiction was presented in contravention of the Illinois Supreme Court rules (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)), and therefore, we decline Anthony's request to address these issues.

¶ 20                                    III. CONCLUSION

¶ 21 For the above-stated reasons, we affirm the circuit court's order extending the stalking no contact order.


¶ 22 Affirmed.

7